IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES M. HANNERS, ET AL.

vs.                                        3:10cv251/MCR/MD

THOMAS EDWARD COLONNA

## ORDER and
## REPORT AND RECOMMENDATION

This cause was removed to this court by the defendant and is now before the court upon defendant's motion to dismiss of lack of personal jurisdiction or, in the alternative, motion for transfer of venue. (Doc. 3). Plaintiff was directed to respond within 21 days. (Doc. 4). Plaintiff filed a technically deficient "motion to remand to state court and 12(b)(1) motion for lack of subject matter jurisdiction and motion for extension of time to respond to all motions and pleadings." This motion, which was filed over two weeks after his response to the pending motion to dismiss was due, was returned to him without filing with the allowance that the motions could be resubmitted after the identified deficiencies were corrected. (Doc. 5). Plaintiff has filed nothing further. Defendant, who is now proceeding pro se, has filed two pleadings entitled "motion for appropriate relief," (doc. 7 & 8), and former counsel has filed a notice of filing exhibits (doc. 10), to complete the record with exhibits that should have been filed with the original motion.

The five count complaint alleges claims for conversion, punitive damages, defamation, breach of fiduciary duty, and injunctive relief and temporary restraining order. (Doc. 1-1 at 5). As described in the complaint, plaintiff James M. Hanners is an individual who resides in and is a citizen of the state of Maryland, and plaintiff HTC Ventures, LLC is a Nevada limited liability company doing business in Escambia County Florida. Defendant Thomas Edward Colonna is an individual who resides in and is a citizen of

Virginia.[1] Plaintiffs assert that defendant Colonna made false and defamatory statements about plaintiff Hanners to various third parties in Escambia County, Florida, which caused damage to them. (Compl. ¶¶5-7). The statements were communicated via written correspondence, telephone calls, facsimile transmission and the internet. (Compl. ¶6). Plaintiffs further contend that the statements were directed at Florida and caused injury within this state, thus giving rise to a claim cognizable in Florida. (*Id.*). Defendant is also alleged to have used intentional and/or reckless deceit, conversion, fraud, insurance fraud, and embezzlement to acquire title to and possession of insurance policies belonging to HTC Ventures, LLC. (Compl. ¶8). The complaint further asserts that "Colonna may have **wrongfully** thought or had reason to believe that they (sic) had a right to take control of the property of HTC's key man insurance policies." (Compl. ¶ 10)(emphasis supplied).

As an initial matter, the court notes that plaintiffs were advised in the court's order directing them to respond to the motion to dismiss that a corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); see also *Cook v. Trinity Universal Ins. Co. Of Kansas*, 2008 WL 4707515 (11th Cir. 2008) (Table, Text in WESTLAW); *F.T.C. v. Gem Merchandising Corp.*, 1995 WL 623168 (Table, Text in WESTLAW) (both citing *Palazzo*). The plaintiffs were informed that in order for this suit to proceed in the name of the corporate plaintiff, it must obtain counsel, and that failure to do so could result in its dismissal as a party plaintiff in this action. No notice of appearance has been filed, and thus dismissal of pro se plaintiff HTC Ventures LLC is appropriate.

Next, the court considers defendant Colonna's claim that the court lacks personal jurisdiction over him. A two-step inquiry guides the court's assessment of the propriety of personal jurisdiction over a non-resident defendant. *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009) (citing *Horizon Aggressive Growth., L.P. v. Rothstein-Kass, P.A.*) 421 F.3d 1162, 1166 (11th Cir. 2005)). The court first determines whether the exercise of jurisdiction would be appropriate under the state's long-arm statute, and second

---

[1] Defendant states in his motion to dismiss that he has recently established a residence in Missouri. (Doc. 3 at 2, n.3; and doc. 3, exh. 4).

*Case No: 3:10cv251/MCR/MD*

examines whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment. *Id.* The latter inquiry requires an assessment of whether the defendant has "minimum contacts" with the forum state and whether the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." *Id.*; *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985); *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987). Even if the long arm statute would provide a basis for personal jurisdiction, as further discussed below, principles of due process would not.

Although the plaintiff claims in the complaint that defendant "does business" in Florida, Mr. Colonna avers in his declaration that he does not have any property or bank accounts in Florida, and has never engaged in or carried on any business or business ventures in the state. (Colonna Decl. at ¶ 3). Defendant also asserts that he has never lived or worked in Florida. (*Id.*). The only contact he appears to have had with the state is through the alleged defamatory statements that were communicated via written correspondence, telephone calls, facsimile or internet. This "contact" does not meet the threshold for establishing that the defendant had sufficient "minimum contacts" with the state of Florida sufficient to provide a basis for personal jurisdiction in this state. Defendant did not avail himself of any privileges of conducting activities in Florida; there is no evidence that the alleged communications created a substantial connection to Florida; and under these circumstances, defendant could not have reasonably anticipated being haled into court in Florida, a state in which neither he nor the plaintiff resides. See *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223 (1957). Furthermore, the exercise of personal jurisdiction in this forum would not "comport with traditional notions of fair play and substantial justice." See *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1251-1252 (11th Cir. 2000) (citing *Burger King v. Rudzewicz*, 471 U.S. at 466, 105 S.Ct. 2174; *World-Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. 559). The burden on the defendant to defend a lawsuit in Florida would be great. Even the

plaintiff does not reside in this jurisdiction. Finally, the state of Florida does not have a strong interest in haling people into Florida courts for conduct that did not involve either party even setting foot in Florida. See *Future Technology Today*, 218 F.3d at 1251-52.

As noted above, plaintiff has not responded to the defendant's motion or otherwise indicated a meaningful intent to continue prosecution of this case. Therefore, based on the foregoing, the court finds that dismissal for want of personal jurisdiction is appropriate.[2]

Accordingly, it is ORDERED:

Defendant's motions for appropriate relief (doc. 7 & 8) are GRANTED to the extent this recommendation has issued.

And it is respectfully RECOMMENDED:

That the unrepresented corporate plaintiff HTC Ventures, LLC be dismissed as a party plaintiff in this action.

That the defendant's motion to dismiss for lack of personal jurisdiction (doc. 3) be GRANTED and the defendant's alternative motion for transfer of venue (doc. 3) be DENIED as MOOT.

That this case be dismissed and the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of October, 2010.

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

2  Because of this, the court need not reach the issue of transfer.

*Case No: 3:10cv251/MCR/MD*